UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE HARRIS,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　Respondent. | Case No. 10-CV-00966-JLS (JMA)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.     INTRODUCTION**

Petitioner Arthur Lee Harris (hereinafter "Petitioner") is a California state prisoner proceeding *pro se* with a First Amended Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254.  On November 8, 2005, Petitioner pled guilty to one count of possessing cocaine base for sale and admitted two prior convictions and one prior strike conviction.  Petitioner contends he is entitled to habeas relief because (1) his Fourth Amendment right against unlawful search and seizure was violated when officers executed a flawed warrant, and (2) he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment when his attorney Vikas Bajaj (hereinafter "Bajaj") instructed Petitioner to plead guilty to a criminal charge without fully investigating the law and facts of the case and informing Petitioner of

1

possible Fourth Amendment violations.  First Am. Pet. [Doc. No. 5] at 5-6, 28, 61.[1]

Respondent Matthew Cate (hereinafter "Respondent") filed an Answer.  (Doc. No. 14.)  Respondent contends the Court should deny the Petition because (1) Petitioner's Ground One claim is not cognizable under Title 28, United States Code, Section 2254(a), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 and Stone v. Powell, 428 U.S. 465 (1976), and (2) Petitioner's Ground Two claim is barred procedurally and under Tollett v. Henderson, 411 U.S. 258 (1973) and fails to state a claim under AEDPA.  Petitioner did not file a Traverse.

Based upon the documents and evidence presented in this case, and for the reasons set forth below, this Court recommends the First Amended Petition be **DENIED**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

According to the California Court of Appeal,

> In May 2004 the People charged Arthur Lee Harris with possession of heroin, possession of ecstasy, possession of marijuana for sale, corporal injury to the mother of his child and being a felon in possession of a firearm.  Various allegations were also charged.  (Case No. SCD182549.)
>
> In August 2005 the People charged Harris with possession of cocaine base for sale and purchase, selling methamphetamine, possession of methamphetamine and unauthorized possession of a prescription blank for writing a prescription for controlled substances.  Various allegations were also charged.  (Case No. SCD192713.)
>
> On November 8, 2005, Harris entered a negotiated guilty plea in case No. SCD192713 to count 1 (possession of cocaine base for sale and purchase) and admitted two allegations and one prior strike conviction.  The stipulated sentence was 12 years in prison and, as part of the plea, case No. SCD182549 was dismissed.  The trial court denied Harris's motion to withdraw his plea and sentenced him to the stipulated term.  A certificate of probable cause issued and Harris challenged the validity of his plea on appeal. [The California Court of Appeal] affirmed the judgment on June 20, 2007, in No. D048720.[2]

---

[1] In citing to the filings in this case, the Court uses the pagination affixed by the Court's electronic filing system.

[2] This opinion is lodged as Lodgment No. 3.

2

<u>In re Arthur Harris on Habeas Corpus</u>, No. D055082, slip op. (Cal. Ct. App. July 27, 2009). (Lodgment No. 10 at 1.) Furthermore,

> After Harris' November 2005 plea, the trial court appointed Attorney Stacey Gulley to represent Harris for the purpose of exploring filing a motion to withdraw Harris' plea. . . .
>
> . . . .
>
> In April 2006, Harris, represented by Attorney Gulley, filed a motion to withdraw his guilty plea. In support of his motion, Harris filed a declaration in which he stated the following: On April 22, 2004, he and his former girlfriend, Cheryl Wind, became involved in a domestic dispute. Wind threatened Harris with a firearm. Harris was able to wrest the gun from Wind. After Wind left Harris's residence, Harris telephoned Attorney Bajaj and told him about the incident. Harris also told Attorney Bajaj that he was an ex-felon, and that he was thus prohibited from possessing firearms. Harris requested advice from Attorney Bajaj as to what he should do with the gun. Attorney Bajaj told Harris that if Harris were to call the police, Harris would be arrested. Attorney Bajaj suggested that Bajaj's investigator, Peter Griffin, retrieve the gun from Harris. Shortly thereafter, Griffin arrived at Harris's house and took the firearm.
>
> Three days later, Harris received a copy of a petition for a restraining order that Wind had filed. In the petition, Wind stated that Harris was being investigated for possession of a stolen firearm. Harris claimed in his declaration in support of his motion to withdraw his guilty plea that he had told the deputies who served him with the petition that the gun was in Attorney Bajaj's possession. Harris telephoned Attorney Bajaj and requested an appointment to discuss the petition for a restraining order and the status of the firearm. Harris met with Attorney Bajaj, who told Harris that everything was being "tak[en] care of." When Harris telephoned Attorney Bajaj two days later, Bajaj told Harris that "the situation was under control."
>
> On May 6, 2004, police detained Harris outside his home. The officers told Harris that they had a warrant to search his house for Wind's firearm. Harris stated in his declaration that he told the officers prior to the search that Attorney Bajaj had the firearm. Nevertheless, the officers searched his home.
>
> Harris stated further that the May 6, 2004 search led to charges being filed against him in SCD182549. He was subsequently released on bail in that case, subject to a search waiver condition. On July 28, 2005, police searched Harris's home pursuant to this waiver. During that search, police found additional contraband, which led to charges being filed against Harris in SCD192713.

<u>People v. Harris</u>, No. D048720, slip op. (Cal. Ct. App. June 20, 2007). (Lodgment No. 3 at 4, 5-7.)

//

3

This Court gives deference to state court findings of fact and presumes them to be correct. Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008). Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. Id.; see also 28 U.S.C. § 2254(e)(1).

Petitioner appealed the California Court of Appeal's June 20, 2007 decision affirming the trial court's denial of his motion to withdraw his guilty plea to the California Supreme Court, which summarily denied Petitioner's petition for review on October 10, 2007. (Lodgment No. 4.) Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, which the court denied on December 2, 2008 on the basis that the petition had to first be filed in San Diego Superior Court. (Lodgment No. 5.)

Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court on January 6, 2009. (Lodgment No. 6.) Petitioner alleged the same claims he alleges here: (1) his Fourth Amendment right against unlawful search and seizure was violated upon execution of a flawed warrant; and (2) he was deprived of effective assistance of counsel when Bajaj instructed Petitioner to plead guilty to a criminal charge without first fully investigating the law and facts of the case and informing Petitioner of possible Fourth Amendment violations.[3] (Id. at 3, 48.)

The San Diego Superior Court denied the petition for writ of habeas corpus on February 27, 2009. (Lodgment No. 7.) The court determined the issues surrounding the search warrant related to SCD182549, which was disposed of as part of Petitioner's plea agreement when he pled guilty to SCD192713, and thus were moot. (Id. at 2.) Regarding his claims of ineffective assistance of counsel, the court found Petitioner had not established that the imposition of the Fourth Amendment waiver as a condition of his bail in SCD182549 had caused him prejudice. (Id. at 6.) The court also determined

---

[3] As Petitioner has indicated, the ineffective assistance of counsel claim raised in his habeas petition was not raised on direct appeal by his counsel. (Lodgment No. 6 at 5.) The claim raised on direct appeal was for ineffective assistance of counsel arising from a conflict-of-interest. (Lodgment No. 3 at 5.)

that this component of the claim should have been raised on direct appeal. (Id. at 5.)

On May 7, 2009, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, arguing the same claims presented to the Superior Court on February 27, 2009. (Lodgment No. 8.) The California Court of Appeal denied Petitioner's request for habeas relief on July 27, 2009. (Lodgment No. 10.) The court found Petitioner's search warrant claims moot because SCD182549 was disposed of as part of Petitioner's guilty plea in SCD192713. (Id. at 1.) The court also determined Petitioner's claim for ineffective assistance of counsel failed because (1) Petitioner waived his right to appeal the denial of his motion to suppress evidence as part of his plea bargain, and (2) Petitioner's plea was valid. (Id. at 2.)

On September 28, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court arguing the same claims presented to the Superior Court on February 27, 2009 and the Court of Appeal on May 7, 2009. (Lodgment No. 9.) The California Supreme Court summarily denied Petitioner habeas relief on March 30, 2010. (Lodgment No. 11; First Am. Pet. [Doc. No. 5] at 16.) On May 3, 2010, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1.) On June 1, 2010, the Court dismissed the case without prejudice and with leave to amend. (Doc. No. 4.) Petitioner filed a First Amended Petition on July 1, 2010. (Doc. No. 5.) Respondent filed an Answer on November 1, 2010. (Doc. No. 14.) On November 18, 2010, the case was reassigned from Magistrate Judge Ruben B. Brooks to the undersigned. (Doc. No. 16.)

**III.    DISCUSSION**

**A.    Scope of Review**

AEDPA establishes the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

5

28 U.S.C. § 2254(a). As amended, 28 U.S.C. § 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was *adjudicated on the merits* in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added). The Supreme Court interprets Section 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000) ; see also Lockyer v. Andrade, 538 U.S. 63, 73-74 (2003). The Supreme Court interprets section 2254(d)(2) as follows:

> [A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless *objectively unreasonable* in light of the evidence presented in the state-court proceeding.

Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (emphasis added).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Himes v. Thompson, 336

6

F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer, 538 U.S. at 75-76). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. Early v. Packer, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. Id.

### B. Petitioner's Ground One Claim That His Detention is Based on an Unlawful Search and Seizure is Jurisdictionally Flawed and Fails under Stone v. Powell.

Petitioner claims the search warrant officers executed on May 6, 2004 violated his Fourth Amendment right against illegal search and seizure. (First Am. Pet. at 28.) Specifically, Petitioner claims that officers executed the search warrant despite Petitioner informing officers the subject of the search, Wind's handgun, was no longer in his possession or home. (Id. at 29.) Petitioner contends officers should have returned to the issuing judge with this information to obtain a new warrant if probable cause still existed. (Id.) Respondent argues (1) Petitioner is not in custody for the case he challenges; and (2) a challenge to a search and seizure under the Fourth Amendment is not cognizable under Stone v. Powell, 428 U.S. 465 (1976). (Resp't Mem. at 6.)

Petitioner raised this claim in his petition for writ of habeas corpus filed before the California Supreme Court. (Lodgment No. 9.) That court denied the claim without citation of authority. (First Am. Pet. at 16.) Accordingly, this Court must "look through" the state supreme court's denial to the state appellate court's opinion as the basis for its analysis. Ylst, 501 U.S. at 801-06. In denying Petitioner's claim that his Fourth Amendment rights were violated because the search warrant issued in 2004 was not based on probable cause, the California Court of Appeal stated:

> Harris argues the search warrant issued in 2004 that resulted in the charges in case No. SCD182549 was not based on probable cause. The issue of the validity of the 2004 search is moot in light of the dismissal of all charges in case No. SCD182549.

(Lodgment No. 10 at 1.)

7

**1.   Petitioner is not in Custody for the Case He Challenges.**

The jurisdictional threshold established under Section 2254(a) requires a petitioner seeking habeas relief to be in custody *for the conviction or sentence he attacks*. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis added). Here, Petitioner's claim arises from alleged Fourth Amendment violations leading to charges being filed against him in SCD182549. (First Am. Pet. at 28.) Petitioner, however, is not in custody for SCD182549–those charges were dismissed pursuant to Petitioner pleading guilty in SCD192713.[4] (Lodgment No. 2, Rep. Appeal Tr. at 11-12.) Because Petitioner is not in custody for the case he challenges, he does not satisfy the jurisdictional threshold required under Section 2254(a). Accordingly, this Court recommends the first claim in the First Amended Petition be DENIED.

**2.   Petitioner's Full and Fair Opportunity to Litigate His Search and Seizure Claim in State Court Precludes Raising the Issue Again in a Federal Habeas Petition.**

Petitioner alleges the search and subsequent seizure leading to charges filed against him in SCD182549 were illegal because officers executed an ill-supported search warrant. (First Am. Pet. at 28-29.) When officers executed the warrant, Petitioner disclosed the subject of the search warrant was in Bajaj's possession. (Id. at 29.) Petitioner contends this disclosure should have prompted officers to investigate further or return to the judge who issued the warrant to reissue a new warrant instead of executing the warrant. (Id.) Essentially, Petitioner contends his disclosure renders the search warrant invalid. (Id. at 28-29.)

Clearly established federal law provides that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494; see also Villafuerte v. Stewart, 111 F.3d 616, 627 (9th Cir. 1997) (finding Villafuerte had

---

[4] Petitioner also pled guilty to vandalism in SCD183454.

8

full and fair opportunity to litigate in state court and was not entitled to federal habeas relief when he raised his claim in post-conviction proceedings in state court); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding Gordon had the opportunity for full and fair litigation of his Fourth Amendment claim in state court notwithstanding a dispute over whether Gordon actually litigated that claim).

Under Stone, the "relevant inquiry is whether petitioner had the *opportunity* to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (emphasis added). California Penal Code Section 1538.5 specifically allows criminal defendants to move to suppress evidence obtained in violation of the Fourth Amendment. This provision provides criminal defendants with an opportunity for "full and fair litigation" of their Fourth Amendment claims, regardless of whether the criminal defendant litigates the issue. Gordon, 895 F.2d at 613; CAL. PENAL CODE § 1538.5. In this case, on May 27, 2005, Petitioner, by motion, sought to vindicate his Fourth Amendment rights against the search warrant executed on May 6, 2004. (Lodgment No. 2, Rep. Appeal Tr. at 16.) It is this very warrant Petitioner again challenges. (First Am. Pet. at 28-29.) By motion, Petitioner not only had, but exercised, his opportunity to litigate alleged Fourth Amendment violations, which under Stone, forecloses habeas relief for Petitioner for search and seizure violations.

For both of the reasons stated above, this Court recommends that Petitioner's request for habeas relief be DENIED as to Claim One.

> **C. Petitioner's Ground Two Claim of Ineffective Assistance of Counsel Fails Because He Does Not Demonstrate He Suffered Prejudice Arising from Bajaj's Advice.**

Petitioner claims Bajaj administered ineffective assistance by failing to fully investigate the law and facts of the case and inform Petitioner of possible Fourth Amendment violations before advising Petitioner to plead guilty. (First Am. Pet. at 61.) Petitioner contends more specifically Bajaj should have advised a Fourth Amendment waiver could not be imposed as a condition of bail and evidence seized by means of

9

that waiver should have been suppressed. (Id.) Furthermore, Petitioner argues competent counsel would have objected to the imposition of the Fourth Amendment waiver, moved to suppress all evidence uncovered by means of the Fourth Amendment waiver, or moved to preserve the issue on direct appeal. (Id.) Respondent argues Petitioner's ineffective assistance of counsel claim (1) is procedurally barred; (2) is barred under Tollett v. Henderson; and (3) fails to state a claim under AEDPA. (Resp't Mem. at 10, 11, 14.)

**1.    Petitioner's Claim for Ineffective Assistance of Counsel is Reviewable on the Merits.**

Respondent, citing to the San Diego Superior Court's order denying Petitioner's state petition for writ of habeas corpus (Lodgment No. 7), contends Claim Two of the instant petition is procedurally barred because the state court found Petitioner should have raised this component of his ineffective assistance of counsel claim on direct appeal. (Resp't Mem. at 15 (citing Lodgment No. 7 at 5).) As a result, Respondent argues Petitioner's claim is barred from federal habeas review by the *Dixon* bar. Id. (citing In re Dixon, 41 Cal.2d 756, 759 (1953) ("The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.")).

The San Diego Superior Court, however, was not the last state court to render a judgment on Petitioner's ineffective assistance of counsel claim. "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst, 501 U.S. at 801 (citing Harris v. Reed, 489 U.S. 255, 262 (1989)). As the California Supreme Court denied the claim without citation of authority (see First Am. Pet. at 16), the Court "looks through" this denial to the California Court of Appeal's opinion as the basis for its analysis. Ylst, 501 U.S. at 801-06. The California Court of Appeal stated the following

10

with respect to this claim:

> Harris also claims trial counsel was ineffective because counsel instructed him to plead guilty in case No. SCD192713 although the evidence was seized in violation of the Fourth Amendment. Harris waived his right to appeal the denial of a motion to suppress evidence as part of his plea bargain. We determined, in the context of the validity of the plea, that Harris did not establish that trial counsel was ineffective. Harris received the benefit of his plea bargain.

(Lodgment No. 10 at 2.)  It appears, therefore, that the California Court of Appeal, in considering Petitioner's ineffective assistance of counsel claim on habeas review, relied upon its prior decision on the merits of Petitioner's direct appeal that Petitioner had not established that his counsel was ineffective. It is unclear if in so doing, the California Court of Appeal was implicitly imposing the procedural default imposed by the San Diego Superior Court (see Lodgment No. 7), or whether it was disregarding that bar and considering the merits of Petitioner's claim, including the component of Petitioner's ineffective assistance claim raised here.[5]

Because it is unclear whether Petitioner procedurally defaulted his claim in the state courts, the Court will, in lieu of further examining the procedural default issue, address the merits of Petitioner's claim. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (providing that federal courts may "reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar[.]"); see also Bemore v.

---

[5] "AEDPA generally requires federal courts to review one state decision." Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005). However, "if the last reasoned decision adopts or substantially incorporates the reasoning from a previous state court decision, [the Court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (citing Barker, 423 F.3d at 1093). In ruling on Petitioner's ineffective assistance of counsel claim, the California Court of Appeal did not refer back to and incorporate the reasoning of the prior habeas decision by the San Diego Superior Court. (See Lodgment Nos. 7, 10.) Therefore, the Court reviews the California Court of Appeal's July 27, 2009, decision on Petitioner's habeas petition (see Lodgment No. 10) without considering the prior decision of the San Diego Superior Court on Petitioner's habeas claims. See, e.g., Barker, 423 F.3d at 1093 ("[T]he federal court should review the last decision in isolation and not in combination with decisions by other state courts.").

Cullen, 2011 WL 1044633, at *28 (S.D. Cal. 2011) ("[W]here . . . deciding the merits of a claim proves to be less complicated and less time-consuming than adjudicating the issue of procedural default, a court may exercise discretion in its management of the case to reject the claims on their merits and forego an analysis of cause and prejudice.") (citing Batchelor v. Cupp, 693 F.2d 859, 864 (9th Cir. 1982)).

**2.    Petitioner's Ineffective Assistance of Counsel Claim is not Barred under Tollett v. Henderson.**

Respondent argues Petitioner's request for habeas relief is barred under Tollett v. Henderson, 411 U.S. 258 (1973). (Resp't Mem. at 16.) Tollett provides:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not ['within the range of competence demanded of attorneys in criminal cases'].

Id. at 266-67 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266.

Tollett does not apply to Petitioner's ineffective assistance of counsel claim. Petitioner claims ineffective assistance of counsel, attacking the nature of Bajaj's advice and its impact on whether his guilty plea was made voluntarily and intelligently. (First Am. Pet. at 61.) Although, as a general rule, a habeas petitioner may not raise claims of deprivation of his constitutional rights prior to his guilty plea, courts have considered the merits of pre-plea ineffective assistance of counsel claims which implicate the voluntary and intelligent nature of the guilty plea. See, e.g., Brown v. Yates, 2009 WL 577608 at *6 (E.D. Cal. 2009); Bratcher v. Wilson, 2009 WL 3824362 at *4 (E.D. Cal. 2009) ("When the nature of the ineffective assistance of counsel claim calls into question the voluntary and intelligent character of the plea, that claim likely is not barred under Tollett."); Hector v. Poulos, 648 F. Supp. 2d 1194, 1197-98 (C.D. Cal. 2009)

12

(addressing merits of petitioner's ineffective assistance of counsel claim despite Tollett in light of uncertainty as to whether a claim concerning pre-plea advice survives a guilty plea). Here, because Petitioner challenges the nature of Bajaj's advice and argues his guilty pleas were therefore neither voluntarily nor intelligently made, the Court finds Petitioner's Ground Two claim falls outside the scope of Tollett's bar.

**3. The State Court's Denial of Habeas Relief for Ineffective Assistance of Counsel was Neither Contrary to Nor an Unreasonable Application of Supreme Court Precedent.**

"To establish ineffective assistance of counsel, 'a defendant must show both deficient performance by counsel and prejudice.'" Premo v. Moore, 562 U.S. ----, 131 S.Ct. 733, 739 (Jan. 19, 2011) (quoting Knowles v. Mirzayance, 556 U.S. ----, 129 S.Ct. 1411, 1419 (2009)). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland v. Washington, 466 U.S. 668, 697 (1984). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. A petitioner's failure to establish prejudice forecloses relief under AEDPA. Premo, 131 S.Ct. at 745.

In Premo, the Supreme Court provided guidance regarding the analysis of ineffective assistance of counsel claims in cases involving plea bargains. The Court stated, with respect to the prejudice prong of the Strickland test:

> Deference to the state court's prejudice determination is all the more significant in light of the uncertainty inherent in plea negotiations . . . The stakes for defendants are high, and many elect to limit risk by forgoing the right to assert their innocence. A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence.

Premo, 131 S.Ct. at 743-44. The applicable standard for prejudice in cases involving plea bargains requires a petitioner to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 743 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

13

1 | Strickland, 466 U.S. at 694.

**a. This Court "Looks Through" to the California Court of Appeal Decision Denying Petitioner Habeas Relief.**

Respondent argues the state courts' denial of Petitioner's claim was neither contrary to nor an unreasonable application of Supreme Court precedent or presented facts. (Resp't Mem. at 19-20.) For this proposition, Respondent discusses the San Diego Superior Court's opinion denying Petitioner habeas relief, but fails to explain the propriety of such reliance in view of the fact that the Superior Court decision was not the last decision rendered in the state courts. The California Supreme Court summarily denied Petitioner's request for relief. (Lodgment No. 11.) "Looking through" that decision to the California Court of Appeal opinion reveals the California Court of Appeal explicitly relied upon its own prior ruling finding Petitioner's plea valid, rather than the Superior Court decision denying Petitioner habeas relief. (Lodgment No. 10 at 2.) The California Court of Appeal reasoned: "We determined, in the context of the validity of the plea, that [Petitioner] did not establish that trial counsel was ineffective." (Id.) For this reason, this Court examines not the Superior Court's decision, but the California Court of Appeal's decision and whether that court's denial of habeas relief was contrary to or an unreasonable application of Supreme Court precedent.

**b. The California Court of Appeal Could Reasonably Conclude Petitioner Did Not Demonstrate Prejudice Sufficient to Establish Ineffective Assistance of Counsel Under Strickland.**

Petitioner has failed to establish he suffered any prejudice as a result of his counsel's alleged errors. The bulk of Petitioner's argument consists of argument challenging the imposition of a Fourth Amendment waiver as a condition of bail. (First Am. Pet. at 41-60.) The residue of Petitioner's argument fails to explain how foregoing the risk of a substantial sentence in exchange for a greatly reduced sentence and dismissal of all but two charges in three separate cases against him was prejudicial. (Id. at 61-70.) Petitioner relies on People v. Plager, 196 Cal.App.3d 1537 (1987), which is clearly inapposite. In Plager, Plager was found guilty after a jury trial and his attorney

14

convinced him to admit two prior felonies. Plager, 196 Cal.App.3d at 1543-44. The court determined Plager's attorney provided ineffective assistance because he should have known the facts would not support a finding of guilt for the two felonies Plager later admitted to committing. Id. In contrast, Petitioner never went to trial and no established factual record had yet been developed. Petitioner's situation was completely uncertain. Pursuant to the standard established in Hill, Petitioner is required to demonstrate that but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59. Petitioner's failure to make this showing precludes relief under AEDPA. Premo, 131 S.Ct. at 745. Petitioner provides nothing in the First Amended Petition sufficient to establish prejudice arising from ineffective assistance of counsel. Accordingly, this Court recommends Petitioner's claims for habeas relief as to Ground Two be DENIED.

## IV. CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned recommends that Petitioner's First Amended Petition for Writ of Habeas Corpus be **DENIED**. This report and recommendation is submitted to the Honorable Janis L. Sammartino, the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than July 5, 2011, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties not later than July 19, 2011. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: June 6, 2011

Jan M. Adler
U.S. Magistrate Judge