# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE HARRIS, | CASE NO. 10-CV-966 JLS (JMA) |
| Petitioner, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| MATTHEW CATE, | |
| Respondent. | (ECF No. 17) |

Presently before the Court is Petitioner Arthur Lee Harris' first amended petition for writ of habeas corpus. (ECF No. 5.)  Also before the Court is Magistrate Judge Jan M. Adler's report and recommendation advising the Court to deny Petitioner's petition.  (R&R, ECF No. 17.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation.  The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the report and recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)("[T]he district judge must review the magistrate judge's

10cv966

1    findings and recommendations de novo *if objection is made*, but not otherwise.").

2    Here, Petitioner failed to timely object to Magistrate Judge Adler's report and

3    recommendation. (*See* R&R 15 (ordering parties to file objections "not later than July 5, 2011").)

4    Having reviewed the report and recommendation, the Court finds that it is thorough, well reasoned,

5    and contains no clear error. Accordingly, the Court (1) **ADOPTS** Magistrate Judge Adler's report and

6    recommendation and (2) **DENIES** Petitioner's first amended petition for writ of habeas corpus.

7    This Court is under an obligation to determine whether a certificate of appealability should

8    issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial

9    showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this

10   standard by demonstrating that jurists of reason could disagree with the district court's resolution of

11   his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

12   encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack*

13   *v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability

14   indicating which issues satisfy the required showing or (2) state why a certificate should not issue.

15   Fed. R. App. P. 22(b).

16   Petitioner requests relief from his conviction for one count of possessing cocaine base for sale,

17   two admitted prior convictions, and one prior strike conviction. The Court finds that reasonable jurists

18   would agree with this Court's resolution of Petitioner's constitutional claims. Petitioner has already

19   exercised his opportunity to litigate the alleged Fourth Amendment violations, and, therefore, he is

20   precluded from raising the issue for habeas relief. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).

21   Additionally, reasonable jurists would agree that Petitioner failed to establish prejudice arising from

22   ineffective assistance of counsel, which forecloses relief under AEDPA. *Premo v. Moore*, — U.S. —,

23   131 S. Ct. 733, 745 (2011). Accordingly, the Court **DENIES** a certificate of appealability.

24   This Order concludes the litigation in this matter. The Clerk shall close the file.

25   **IT IS SO ORDERED.**

26   DATED: July 29, 2011

27   *Janis L. Sammartino*
     Honorable Janis L. Sammartino

28   United States District Judge